**United States District Court**
Southern District of Florida

Case Number: 07-60467




Barry Bassingthwaighte,
　　　Plaintiff,

v.

Korean Air

And

Delta Air Lines, Inc.
　　　Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARRY BASSINGTHWAIGHTE (BARRY) an individual Florida Resident, by and through its undersigned counsel and pursuant to applicable rules of civil procedure, files its Complaint against Defendants, KOREAN AIR (KOREAN), a foreign corporation, and DELTA AIR LINES, INC. (DELTA), a Georgia Corporation, and alleges:

## PARTIES, JURISDICTION AND VENUE

1. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney's fees.

2. BARRY is and was, at all material times, a resident of the state of Florida.

3. KOREAN is a foreign corporation that was doing business in the State of Florida as a commercial owner/lessor and operator of a commercial aircraft in air commerce and air transportation.

1

4. DELTA is a Georgia corporation that was doing business in the State of Florida as a commercial owner/lessor and operator of a commercial aircraft in air commerce and air transportation.

5. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. 1332, since the plaintiff and defendant are not residents of the same state and the amount in controversy exceeds $75,000.

6. This court has personal jurisdiction over defendant KOREAN because KOREAN operates numerous commercial airline flights in and out of airports located in Florida and has purposely availed itself the jurisdiction of Florida because KOREAN is a partner with DELTA in booking and arranged flights in and out of airports in Florida and seeks business from Florida residents in the state of Florida.

7. This court has personal jurisdiction over defendant DELTA because DELTA operates numerous commercial airline flights in and out of airports located in Florida.

8. Venue is appropriate in Southern District of Florida under 28 U.S.C. § 1391, since KOREAN is a foreign corporation that is deemed to have personal jurisdiction in the Southern District of Florida since KOREAN has purposely availed itself the jurisdiction of the Southern District of Florida because KOREAN is a partner with DELTA in booking and arranged flights in and out of airports in Fort Lauderdale, Florida and seeks business from Florida residents in the Southern District of Florida.

9. Venue is appropriate in Southern District of Florida under 28 U.S.C. § 1391, since DELTA is a Georgia corporation that is deemed to have personal jurisdiction in the Southern District of Florida because DELTA operates numerous flights in and out of Fort Lauderdale, Florida.

10. Jurisdiction is proper under the Warsaw Convention because the court having jurisdiction in the final place of destination is the United States District Court for the Southern District of Florida, since the final destination for the case in controversy was Fort Lauderdale, Florida.

11. Jurisdiction is proper under the Warsaw Convention because DELTA and KOREAN have an establishment in Fort Lauderdale, Florida, where the contract for the round-trip flight was made between DELTA, KOREAN and BARRY.

12. Jurisdiction is proper under the Montreal Convention because the court having jurisdiction in the final place of destination is the United States District Court for the Southern District of Florida, since the final destination for the case in controversy was Fort Lauderdale, Florida.

13. Jurisdiction is proper under the Montreal Convention because DELTA and KOREAN have an establishment in Fort Lauderdale, Florida, where the contract for the round-trip flight was made between DELTA, KOREAN and BARRY.

## GENERAL ALLEGATIONS

14. On March 31, 2005, BARRY flew on flight 456 from Fort Lauderdale, Florida to Atlanta, Georgia on Delta Air Lines (DELTA).

15. DELTA arranged for a connecting flight in Atlanta, Georgia, with KOREAN on Korean Air Lines, so that BARRY may arrive in Seoul, South Korea from his original departure location of Fort Lauderdale, Florida.

16. DELTA and KOREAN are engaged in a business arrangement and/or partnership whereby DELTA and KOREAN arrange and book flights for passengers that involve a combination

of DELTA and KOREAN flights.

17. The contract between BARRY and DELTA and KOREAN was entered into when BARRY purchased his ticket from DELTA and KOREAN in Broward County, Florida.

18. BARRY purchased a round-trip ticket departing from Fort Lauderdale, Florida from DELTA, whereby BARRY was to flight on DELTA's flight from Fort Lauderdale, Florida to Atlanta, Georgia, then on KOREAN's flight from Atlanta, Georgia to Seoul, South Korea, then on KOREAN's flight from Seoul, South Korea to Syndey, Australia, then on KOREAN's flight from Sydney, Australia to Seoul, South Korea, then on KOREAN's flight from Seoul, South Korea to Atlanta, Georgia, then on DELTA's flight from Atlanta, Georgia to Fort Lauderdale, Florida, his final destination.

19. On March 31, 2005, in the course of their business as owner and operator of commercial flights, defendants, KOREAN and DELTA, were operating commercial flight 36 flying from Atlanta, Georgia to Seoul, South Korea where BARRY was a passenger on board.

20. Approximately 2 hours outside of Seoul, Korea, BARRY was served his first meal which consisted of cod fish and a "hot paste".

21. BARRY, having not eaten anything in the prior seven hours, ate about half of the meal and became violently ill and threw up twice on the seat, sweated profusely and had diarrhea.

22. BARRY made his way to the lavatory and had diarrhea and began throwing up again in the toilet.

23. After throwing up, BARRY lost consciousness, fell and injured his leg.

24. After regaining consciousness, BARRY then dragged himself up and back to his seat, without assistance of any personnel of KOREAN or DELTA.

4

25. BARRY's ankle began to swell and he realized that his ankle was injured.

26. BARRY was taken to the hospital in Seoul and was diagnosed with a fractured fibula/tibula.

27. BARRY's leg was splinted and he was sent to his hotel.

28. BARRY then flew to Sydney, Australia and arrived on Sunday and went to Bankstown Hospital, Bankstown NSW, where he was splinted again.

29. From April 5, 2005 to April 18, 2005, BARRY was treated and stayed at the Bankstown Hospital.

30. Upon returning to the United States, BARRY saw Dr. LS Lambert, a primary care doctor, who referred him to Holy Cross because Dr. Lambert was concerned about a blood clot in his leg.

31. BARRY was admitted to Holy Cross and diagnosed with a blood clot in his leg.

32. BARRY was treated with I.V. medications to reduce the blood clot.

33. BARRY wore a full cast on his leg for 2 ½ weeks, followed by another splint.

34. At all times material hereto, the employees of KOREAN and DELTA were acting within the scope of their assigned duties.

## DAMAGES

35. As a direct and proximate result of Defendants' misconduct as hereinafter alleged, Defendants are liable to Plaintiff for all damages that Plaintiff is entitled, including, as applicable law may provide, but not limited to the monetary compensation due and owing because of :

    a. Plaintiff's pain and suffering from vomiting on the plane.

    b. Plaintiff's passing out on the plane after vomiting.

   c. Plaintiff's pain and suffering from his fracture of his fibia/tibula on the plane.

   d. Plaintiff's medical expenses relating to treatment for his fracture of his fibia/tibula on the plane.

   e. Plaintiff's lost enjoyment of his trip due to his injuries.

   f. Plaintiff's future pain and suffering from his injuries.

   g. Plaintiff's future medical expenses arising from his injuries.

   h. Plaintiff's partial or total disability from his injuries.

   i. Plaintiff's lost future enjoyment of life from his injuries.

   j. Any and all other compensatory damages to which Plaintiff, may be entitled which this Court may find applicable and a jury may award.

## COUNT 1: NEGLIGENCE

36. The allegations in paragraphs 1 through 35 are herein incorporated.

37. KOREAN, a common carrier, and DELTA, a common carrier, owed a duty of care to BARRY, its passenger.

38. The injuries to Plaintiff, BARRY, and the damages sustained as a direct result thereof, as hereinbefore alleged, were proximately caused through no fault of the Plaintiff, BARRY, by the negligence, careless acts and omissions, willful misconduct, gross and wanton dereliction of duty and unlawful transgressions of the defendants, KOREAN and DELTA, acting separately and together by through its employees, servants, officers and registered agents functioning within the scope of their employment in the use, ownership, operation, leasing, maintenance, inspection, control, and management of the commercial aircraft in which Plaintiff was a passenger; in the preparation and handling of food served to Plaintiff, purchasing of food served to Plaintiff; in the selection, hiring,

retention, training, supervision and equipping of maintenance and operations personnel; and in the selection, hiring, retention, training, supervision and equipping of food service, preparation and handling personnel specifically, Defendant breached the applicable duty of care owed to Plaintiff as a passenger in some or all, but not limited to, the following ways:

a. Failure to properly inspect, maintain and prepare foods served to Plaintiff.

b. Failure to inform Plaintiff of the nature and ingredients of the food served to Plaintiff.

c. Failure of personnel to timely assist and seek medical attention for Plaintiff after Plaintiff became violently ill from the food served to Plaintiff.

d. Construction and arrangement of the interior of the aircraft in a dangerous and unreasonably defective manner.

e. Failure to properly inspect, maintain and service the aircraft's interior to ensure Plaintiff's safety.

f. Failure to operate the aircraft in a safe manner to ensure plaintiff's safety.

WHEREFORE, BARRY demands judgment against KOREAN and DELTA for damages and for prejudgment interest, costs, and attorney's fees and such other relief as the court deems just and proper.

## COUNT II: LIABILITY FOR BODILY INJURY UNDER THE WARSAW CONVENTION

39. The allegations in paragraphs 1 through 35 are herein incorporated.

40. BARRY was a passenger on board an international flight operated by KOREAN and DELTA.

41. While on board an international flight operated by KOREAN and DELTA, BARRY suffered bodily injury.

42. Article 17 of the Warsaw Convention states that a carrier of an international flight is liable to a passenger who suffers bodily injury while on board the international flight of the carrier.

43. BARRY's bodily injury suffered while on board an international flight operated by KOREAN and DELTA was caused by the willful misconduct or other conduct or nonfeasance of KOREAN and DELTA or its servants or agents acting within the scope of their employment which includes but is not limited to:

   a. Failure to properly inspect, maintain and prepare foods served to Plaintiff.

   b. Failure to inform Plaintiff of the nature and ingredients of the food served to Plaintiff.

   c. Failure of personnel to timely assist and seek medical attention for Plaintiff after Plaintiff became violently ill from the food served to Plaintiff.

   d. Construction and arrangement of the interior of the aircraft in a dangerous and unreasonably defective manner.

   e. Failure to properly inspect, maintain and service the aircraft's interior to ensure Plaintiff's safety.

   f. Failure to operate the aircraft in a safe manner to ensure plaintiff's safety.

44. Article 25(1) of the Warsaw Convention precludes a carrier from limiting its liability when the carrier is liable for damages caused by wilful misconduct.

45. As such, KOREAN and DELTA are precluded from limiting their liability for damages under the Warsaw Convention.

WHEREFORE, BARRY demands judgment against KOREAN and DELTA for damages and for prejudgment interest, costs, and attorney's fees and such other relief as the court deems just and proper.

## COUNT III: LIABILITY FOR BODILY INJURY UNDER THE MONTREAL CONVENTION

46.	The allegations in paragraphs 1 through 35 are herein incorporated.

47.	BARRY was a passenger on board an international flight operated by KOREAN and DELTA.

48.	While on board an international flight operated by KOREAN and DELTA, BARRY suffered bodily injury.

49.	Article 17(1) of the Montreal Convention states that a carrier of an international flight is liable to a passenger who suffers bodily injury while on board the international flight of the carrier.

50.	BARRY's bodily injury suffered while on board an international flight operated by KOREAN and DELTA was caused by the negligence or other wrongful act(s) or omissions of KOREAN and DELTA or its servants or agents acting within the scope of their employment which includes but is not limited to:

    a. Failure to properly inspect, maintain and prepare foods served to Plaintiff.

    b. Failure to inform Plaintiff of the nature and ingredients of the food served to Plaintiff.

    c. Failure of personnel to timely assist and seek medical attention for Plaintiff after Plaintiff became violently ill from the food served to Plaintiff.

    d. Construction and arrangement of the interior of the aircraft in a dangerous and

unreasonably defective manner.

e. Failure to properly inspect, maintain and service the aircraft's interior to ensure Plaintiff's safety.

f. Failure to operate the aircraft in a safe manner to ensure plaintiff's safety.

51. Article 21(2) of the Montreal Convention precludes a carrier from limiting its liability when the carrier is liable for damages caused by negligence or other wrongful act(s) or omission of the carrier or its servants or agents.

52. As such, KOREAN and DELTA are precluded from limiting their liability for damages under the Montreal Convention.

WHEREFORE, BARRY demands judgment against KOREAN and DELTA for damages and for prejudgment interest, costs, and attorney's fees and such other relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Barry Bassingthwaighte hereby demands trial by jury for all issues so triable.

K/S
**KOTZKER/SHAMY, PL**
www.kotzker-shamy.com
Attorneys for Plaintiff
2724 West Atlantic Boulevard
Pompano Beach, Florida 33069
Phone (954) 956-7676
Facsimile (954) 956-9995
Email: daniel@kotzker-shamy.com

_____
JOHN M. KOTZKER
Florida Bar No.: 020362

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
Barry Bassingthwaighte/Hopkins

**DEFENDANTS**
Korean Air; Delta Air Lines, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  South Korea
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kotzker/Shamy P.L.
2724 W. Atlantic Blvd.
Pompano Beach, FL 33069
954-956-7676

CIV-HURLEY
07-60467

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07CV60467 Hurley / Hopkins

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☐ YES ☒ NO
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
28:1332

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332  -  Diversity

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____
DATE  3/30/07

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____