IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-60467-CIV-HURLEY/HOPKINS

BARRY BASSINGTHWAIGTHE,

               Plaintiff,

      vs.

KOREAN AIR and DELTA AIR LINES, INC.,

               Defendant(s).

_____/

## DEFENDANT KOREAN AIR LINES CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Korean Air Lines Co., Ltd. (sued herein as "Korean Air," and hereinafter, "KAL"), by and through its undersigned counsel, for its Answer to the Complaint herein states upon information and belief as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 2 of the Complaint and leaves all questions of law for the Court.

2.      Denies the allegations in paragraph 3 of the Complaint except admits that KAL is a foreign corporation engaged in the transportation by air of persons, baggage and cargo to and from certain destinations within and without the United States pursuant to a Foreign Air Carrier Permit issued by the United States Department of Transportation.

3.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 4 and 5 of the Complaint and leaves all questions of law for the Court.

4.      Denies the allegations in paragraph 6 of the Complaint except admits that KAL and Delta Air Lines ("Delta") are party to a codeshare agreement, and leaves all questions of law for the Court.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and leaves all questions of law for the Court.

6.      Denies the allegations in paragraph 8 of the Complaint except admits that KAL and Delta are party to a codeshare agreement and leaves all questions of law for the Court.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and leaves all questions of law for the Court.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 through 12 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 10 through 12 of the Complaint to the extent they are directed at KAL or can be construed to assert a claim against KAL except admits that jurisdiction in the United States is proper pursuant to Article 33 of the Montreal Convention because the final destination of plaintiff's transportation was within the United States and leaves all questions of law for the Court.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 13 of the Complaint to the extent they are directed at KAL except admits that plaintiff's contract for round-trip transportation was issued in the United States and leaves all questions of law for the Court.

### AS TO GENERAL ALLEGATIONS

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint except admits that plaintiff had a contract for carriage on KAL

from Atlanta, Georgia to Seoul, Republic of Korea.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16 through 19 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 16 through 19 of the Complaint to the extent they are directed at KAL except admits that KAL and Delta were party to a codeshare agreement, that KAL agreed to transport plaintiff round-trip from Atlanta, Georgia to Sydney, Australia via Seoul, Korea, plaintiff's contract for round-trip transportation was issued in the United States, and that KAL operated Flight 36 from Atlanta, Georgia to Seoul, Republic of Korea on March 31, 2005.

13.    Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 20 through 33 of the Complaint except admits that plaintiff traveled on an April 2, 2005 KAL flight from Seoul, Republic of Korea to Sydney, Australia.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34 of the Complaint to the extent they are directed at parties other than KAL.  To the extent that the allegations in paragraph 34 are directed toward KAL or can be construed to assert a claim against KAL, they are vague and ambiguous because they fail to specify the "act" or "times material hereto" and, accordingly, KAL is unable to admit or deny the truth of these allegations.

## AS TO DAMAGES

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, including sub-paragraphs (a) through (j), of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 35, including sub-paragraphs (a) through (j), of the Complaint to the extent they are directed at KAL

or can be construed to assert a claim against KAL.

## AS TO COUNT I:  NEGLIGENCE

16.     Answering paragraph 36 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 15 of this Answer with the same force and effect as if herein set forth in full.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint to the extent they are directed at parties other than KAL.  To the extent that the allegations in paragraph 37 of the Complaint are directed toward KAL or can be construed to assert a claim against KAL, KAL admits that it is a duly certificated foreign carrier engaged in the business of the transportation by air of passengers, baggage and cargo and leaves all questions of law for the Court.

18.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 38, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 38, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AS TO COUNT II:
## LIABILITY FOR BODILY INJURY UNDER THE WARSAW CONVENTION

19.     Answering paragraph 39 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 18 of this Answer with the same force and effect as if herein set forth in full.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint to the extent they are directed at parties other than KAL.  To the extent the allegations set forth in paragraph 40 of the Complaint are directed

- 4 -

toward KAL or can be construed to assert a claim against KAL, KAL admits that plaintiff was a passenger on board KAL Flight 36, an international flight operated by KAL, on March 31, 2005.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 41 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

22.    Paragraph 42 of the Complaint consists only of assertions of law and, as such, KAL makes no response thereto and leaves all questions of law for the Court.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 43, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

24.    Paragraph 44 of the Complaint consists only of assertions of law and, as such, KAL makes no response thereto and leaves all questions of law for the Court.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 45 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AS TO COUNT III
## LIABILITY FOR BODILY INJURY UNDER THE MONTREAL CONVENTION

26.     Answering paragraph 46 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 25 of this Answer with the same force and effect as if herein set forth in full.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint to the extent they are directed at parties other than KAL.  To the extent the allegations set forth in paragraph 47 of the Complaint are directed toward KAL or can be construed to assert a claim against KAL, KAL admits that plaintiff was a passenger on board KAL Flight 36, an international flight operated by KAL, on March 31, 2005.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 48 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

29.     Paragraph 49 of the Complaint consists only of assertions of law and, as such, KAL makes no response thereto and leaves all questions of law for the Court.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 50, including sub-paragraphs (a) through (f), of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

31.     Paragraph 51 of the Complaint consists only of assertions of law and, as such, KAL makes no response thereto and leaves all questions of law for the Court.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraph 52 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33.     The Complaint fails to state a claim against defendant KAL upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

34.     The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

### THIRD AFFIRMATIVE DEFENSE

35.     Defendant KAL is not liable for plaintiff's alleged injuries because plaintiff's injuries were not caused by an "accident" within the meaning of Article 17.1 of the Montreal Convention.

## FOURTH AFFIRMATIVE DEFENSE

36.     Pursuant to Article 20 of the Montreal Convention, KAL shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

37.     Pursuant to Article 21 of the Montreal Convention KAL is not liable to plaintiff because such damage was not due to the negligence or other wrongful act or omission of KAL or its servants or agents, or such damage was solely due to the negligence or other wrongful act or omission of a third party.

## SIXTH AFFIRMATIVE DEFENSE

38.     The damages complained of were not proximately caused by any negligence or culpable conduct on the part of KAL.

## SEVENTH AFFIRMATIVE DEFENSE

39.     The injuries allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and KAL is, therefore, not liable to plaintiff or, alternatively, KAL's liability to plaintiff is partial only and should be reduced in accordance with the applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

40.     The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom KAL had no control at any time relevant hereto, and in the event KAL is found liable to plaintiff, which liability is expressly denied, KAL will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## NINTH AFFIRMATIVE DEFENSE

41.     Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by KAL, or by a person or entity for which defendant KAL is responsible.

## TENTH AFFIRMATIVE DEFENSE

42.     Any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

## ELEVENTH AFFIRMATIVE DEFENSE

43.     If plaintiff has received remuneration and or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, KAL is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation.

## TWELFTH AFFIRMATIVE DEFENSE

44.     Pursuant to its Conditions of Carriage set forth in the relevant contract of transportation, KAL is not liable to plaintiff or, alternatively, KAL's liability is limited.

## THIRTEENTH AFFIRMATIVE DEFENSE

45.     KAL has performed all of the terms and conditions of the contract which were to be performed by KAL, in accordance with such terms and conditions of contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

46.     KAL asserts that plaintiff failed to mitigate his losses, if any.  Accordingly, plaintiff is barred in whole or in part from any recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

47.    The Complaint should be dismissed due to improper venue.

## SIXTEENTH AFFIRMATIVE DEFENSE

48.    The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

49.    Plaintiff's state law claims against KAL are completely preempted by the Montreal Convention, *See EL AL Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999), or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713.

WHEREFORE, Defendant KAL demands judgment dismissing the Complaint in its entirety or, alternatively, limiting its liability pursuant to the foregoing together with costs and disbursements.

Respectfully submitted,

__/s/ John M. Murray_____

**JOHN M. MURRAY**
Fla. Bar No. 157325
jmurray@mmhlaw.com
**MURRAY, MARIN & HERMAN, P.A.**
101 E. Kennedy Blvd., Suite 1810
Tampa, FL  33602-5148
Tel.:    (813) 222-1800
Fax:    (813) 222-1801

-and-

**ANDREW J. HARAKAS**
**CLYDE & CO. U.S. LLP**
THE Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 710-3900

Attorneys for Defendant, KAL

## CERTIFICATE OF SERVICE

WE HEREBY certify that on this 6th day of August, 2007, the foregoing was electronically filed with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: John M. Kotzker, Esq., Kotzker/Shamy, P.L., Attorney for Plaintiff, 2724 West Atlantic Boulevard, Pompano Beach, Florida 33069; and Francis A. Anania, Esq., Anania Bandklayder Blackwell & Baumgarten, 100 SE 2nd Street, Suite 4300, Miami, Florida 33131-2144.

_/s/ John M. Murray_____
**JOHN M. MURRAY**